UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JOSEPH MASSEY, JR.,** | ) |
| | ) |
|    **Plaintiff,** | ) |
| | ) |
|    vs. | )    CASE NO. 2:12-CV-3486-SLB |
| | ) |
| **CHILDREN'S HOSPITAL OF ALABAMA; MIKE WARREN.** Administrator of Children's Hospital of Alabama, | ) ) ) ) |
| | ) |
|    **Defendants.** | ) |

## MEMORANDUM OPINION

     This case is presently pending before the court on defendants' Motion to Dismiss. (doc. 2);[1] plaintiff's Motion to Appoint Counsel, (doc. 10); and plaintiff's Motion for Physical Examination, (doc. 11). Plaintiff filed suit in the Circuit Court of Jefferson County alleging federal and state-law claims against defendants arising from the alleged removal of his kidney in 1980. Defendants removed the case to this court on the basis of federal-question jurisdiction. Upon consideration of the record, the submissions of the parties, and the relevant law, the court is of the opinion that plaintiff's Motion to Appoint Counsel, (doc. 10), is due to be denied; defendant's Motion to Dismiss, (doc. 2), is due to be granted in part and denied in part; and plaintiff's Motion for Physical Examination, (doc. 11), is due to be denied.

---

     [1]Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

## I. MOTION TO APPOINT COUNSEL

"Appointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990). Further, the United States Supreme Court has held that an attorney may not be compelled to accept appointment in a civil action. *See Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296 (1989).

For the reasons set forth below, the court finds that plaintiff cannot state a claim for relief pursuant to 42 U.S.C. § 1983 for violation of his constitutional rights. Moreover, the court will decline to exercise jurisdiction of plaintiff's state-law claims and remand this case to the Circuit Court of Jefferson County. Therefore, the court will deny plaintiff's Motion to Appoint Counsel to represent plaintiff before this court. However, this denial will be without prejudice to plaintiff's right to seek appointed counsel in the state court after remand.

## II. MOTION TO DISMISS

### A. STANDARD OF REVIEW

Defendants have moved to dismiss plaintiff's Amended Complaint for failure to state a claim upon which relief can be granted. The purpose of such a motion, authorized by Rule 12(b)(6) of the Federal Rules of Civil Procedure, is to test the facial sufficiency of the plaintiff's statement of a claim for relief. *Brooks v. Blue Cross and Blue Shield of Florida,*

*Inc.*, 116 F.3d 1364, 1367 (11th Cir. 1997).  When addressing a 12(b)(6) motion to dismiss, the court accepts the allegations in the Complaint as true and construes those allegations in the light most favorable to plaintiff.  *Ironworkers Local Union 68 v. AstraZeneca Pharmaceuticals, LP*, 634 F.3d 1352, 1359 (11th Cir. 2011)(quoting *American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1288 (11th Cir. 2010)).  To survive a Motion to Dismiss, "the complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face."  *Id*. (quoting *Am. Dental Ass'n*, 605 F.3d at 1289 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)))(internal quotations omitted).  A claim is "plausible" if the facts are sufficient "to allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  However, "courts are not bound to accept as true a legal conclusion couched as a factual allegation."  *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986))(internal quotations omitted).  Also, the court does not assume that plaintiff can prove facts he has not alleged or that defendants have violated the law in ways that have not been alleged.  *Id*. at 563 n.8 (citing *Associated Gen. Contractors of Cal., Inc. v. Carpenters*, 459 U.S. 519, 526 (1983)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id*. at 555 (citations, brackets, and internal quotation marks omitted).  "[W]hile notice pleading may not require that the pleader allege

a 'specific fact' to cover every element or allege 'with precision' each element of a claim, it is still necessary that a complaint 'contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.'" *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (quoting *In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir. Unit A Sept. 8, 1981)).

## B.  STATEMENT OF FACTS

Plaintiff's Amended Complaint contains the following facts:

[S]omewhere around June 1980[,] the Plaintiff, Joseph Massey[,] Jr.[,] was admitted into Children's Hospital of Alabama in Birmingham, [Alabama,] upon the request of Dr. Richard Elkins to undergo a couple of operations pertaining to a spinal cord defect[ ], [to] which the Plaintiff's parents . . . consented . . . because at the time the plaintiff was 18 years old.  The first operation consisted of what is known as a spinal fusion, in which a piece of bone was taken out of plaintiff['s] left leg and fused to a vertebrae connected to plaintiff's spine.  Then about two weeks later a second operation was performed by Dr. Elkins, in which he placed two steel rods onto Plaintiff's spine, connecting one each on both sides of the spinal cord. . . .  The plaintiff has never been involved with any other surgery during his lifetime, and it has always been the Plaintiff's knowledge that he was born with two kidneys.  Now the Plaintiff recently went to have an ultra-sound done on his kidneys because of his High Blood-Pressure illness, and was informed by the Medical Staff that he has only one kidney, this was in August 2011. . . .  The Plaintiff now files his amended complaint under 42 U.S.C. 1983 in this civil court concerning correct parties, and [fictitious] parties pursuant to Rule 9(h)[,] Ala R. Civil P.

(Doc. 1 at 33-34.)  In his Amended Complaint, plaintiff alleges the following claims:

Count I – Medical Malpractice;

Count II – Assault And/or Battery;

Count III – Fraudulent Concealment;

4

>Count IV – Lack of Informed Consent;
>
>Count V – Failure to Obtain Consent;
>
>Count VI – Trespass to Person;
>
>Count VII – Conspiracy to Commit Fraud; and
>
>Count VIII – Violation of Constitutional Rights Regarding the 4th, 5th, and 14th Amendment[s] of the U.S. Constitution.

(*Id*. at 35-36.)

>With regard to Count VIII, plaintiff alleges:
>
>The plaintiff was placed in the care and trust of the Hospital and Dr. Elkins along with the other professionals involved with the surgery, and the plaintiff had the right to be secure within his person.  Therefore the plaintiff's [rights under the] 4th amendment of the U.S. constitution was violated when his property (kidney) was seized without permission.  Also, the Plaintiff's [rights under the] 5th amendment of the U.S. constitution [have] been violated because of deprivation of property (kidney) without due process, and very possibl[y] property (kidney) taken for public use without just compensation.
>
>Also Plaintiff's [rights under the] 14th amendment of the U.S. constitution [have] been violated because he's been deprived of life, liberty, and property (kidney) without due process.

(Doc. 1 at 36.)

**C. DISCUSSION**

>Section 1983 states:
>
>Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.  "To state a claim for relief in an action brought under § 1983, [plaintiff] must establish that [he was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999)(quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982)(quoting *Shelley v. Kraemer*, 334 U.S. 1, 13 (1948)))(internal quotations omitted).  "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Id*.  Therefore, to bring a claim pursuant to § 1983, plaintiff must allege "***both*** an alleged constitutional deprivation caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible, ***and*** that the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Id*. at 50 (internal quotations and citations omitted; emphasis in original).

> As a matter of substantive constitutional law the state-action requirement reflects judicial recognition of the fact that "most rights secured by the Constitution are protected ***only*** against infringement by ***governments***," *Flagg Brothers* [ *v. Brooks*], 436 U.S. [149,] 156, 98 S. Ct. [1729,] 1733 (1978).  As the Court said in *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 349, 95 S. Ct. 449, 453, 42 L. Ed. 2d 477 (1974):
>
>> "In 1883, this Court in the *Civil Rights Cases*, 109 U.S. 3 [3 S. Ct. 18, 27 L. Ed. 835], affirmed the essential dichotomy set forth in [the Fourteenth] Amendment between deprivation by the State, subject to scrutiny under its provisions, and private conduct, 'however discriminatory or wrongful,' against which the Fourteenth Amendment offers no shield."

> Careful adherence to the "state action" requirement preserves an area of individual freedom by limiting the reach of federal law and federal judicial power.  It also avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed.  A major consequence is to require the courts to respect the limits of their own power as directed against state governments and private interests.  Whether this is good or bad policy, it is a fundamental fact of our political order.
>
> Our cases have accordingly insisted that the conduct allegedly causing the deprivation of a federal right be fairly attributable to the State. . . . [T]he party charged with the deprivation must be a person who may fairly be said to be a state actor.  This may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State.

*Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 936-37 (1982).

Plaintiff does not allege that defendants are state actors or that his surgery was state action.  The court notes that Children's Hospital is a private actor; it is not an entity of the state.  *See R.J.D. v. Vaughan Clinic, P.C.*, 572 So. 2d 1225, 1229 (Ala. 1990)(Children's Hospital is "a private – rather than a state – hospital"); *see also About Children's* at <<https://www.childrensal.org/ body.cfm?id=15>> ( Children's "is a private, not-for-profit medical center").  Likewise, its "administrator," Mike Warren, is a private actor.  Nothing in the record indicates that defendants are state actors or that they acted in cooperation with the state or local government to deprive plaintiff of his constitutional rights.

Because defendants are not state actors plaintiff cannot state a claim against them pursuant to § 1983 for violations of his rights secured by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.  Therefore, Count VIII of his Amended Complaint will be dismissed.

With the dismissal of Count VIII, only state-law claims remain. "The district courts may decline to exercise supplemental jurisdiction over a [state-law] claim . . . if . . . (3) the district court has dismissed all claims over which it has original jurisdiction . . . ." 28 U.S.C. § 1367(c)(3). There is no diversity among the parties. Therefore, the only basis for federal jurisdiction was the § 1983 claim. "Because no basis for original federal jurisdiction presently exists [due to the court's dismissal of Count VIII], the district court has the discretion to decline to exercise supplemental jurisdiction." *Cook ex rel. Estate of Tessier v. Sheriff of Monroe County*, 402 F.3d 1092, 1123 (11th Cir. 2005)(citing 28 U.S.C. § 1367(c); *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1288 (11th Cir.2002)); *see also Baggett v. First Nat. Bank of Gainesville*, 117 F.3d 1342, 1353 (11th Cir. 1997).[2] Indeed, "if the federal claims are dismissed prior to trial, [the Supreme Court] strongly encourages or even requires dismissal of state claims" or remand if the case was removed. *Mergens v.*

---

[2]The *Baggett* court held:

> Resolution of Plaintiffs' state law claims depends on determinations of state law. State courts, not federal courts, should be the final arbiters of state law. When coupled with the Court's discretion to exercise supplemental jurisdiction under § 1367(c), this Court finds that the state law claims remaining in this action are best resolved by the Georgia courts. This is especially true here where the Court is dismissing Plaintiffs' federal law claim prior to trial. The Court finds that judicial economy, fairness, convenience, and comity dictate having these state law claims decided by the state courts.

*Baggett*, 117 F.3d at 1353 (citing, *inter alia*, *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *Eubanks v. Gerwen*, 40 F.3d 1157 (11th Cir.1994)).

*Dreyfoos*, 166 F.3d 1114, 1119 (11th Cir. 1999)(quoting *L.A. Draper & Son v. Wheelabrator-Frye, Inc.*, 735 F.2d 414, 428 (11th Cir. 1984)(citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *see also Lewis v. City of St. Petersburg*, 260 F.3d 1260, 1267 (11th Cir. 2001)("If the district court does decline to exercise supplemental jurisdiction, these claims shall be remanded to state court, rather than dismissed, because this case was originally filed in state court and removed to federal court pursuant to 28 U.S.C. § 1441." (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988); *Hinson v. Norwest Fin. South Carolina, Inc.*, 239 F.3d 611, 617 (4th Cir. 2001))).

Defendants' Motion to Dismiss plaintiff's state-law claims will be denied without prejudice and the court will remand the remaining state-law claims to the Circuit Court of Jefferson County.

### III. MOTION FOR PHYSICAL EXAMINATION

Plaintiff's Motion for Physical examination will be denied without prejudice to plaintiff's right to refile this Motion in the state court after remand.

### CONCLUSION

For the foregoing reasons, the court is of the opinion that plaintiff's Amended Complaint fails to state a federal claim pursuant to § 1983 for which relief can be granted. An Order granting defendant's Motion to Dismiss, (doc. 2), as to Count VIII of plaintiff's Amended Complaint; denying the Motion to Dismiss, (doc. 2), as to plaintiff's state-law claims without prejudice to defendant's right to refile the Motion to Dismiss plaintiff's state-

law claims in the state court; denying without prejudice plaintiff's Motion to Appoint Counsel, (doc. 10); and denying without prejudice plaintiff's Motion for Physical Examination, (doc. 11), will be entered contemporaneously with this Memorandum Opinion.

**DONE**, this 11th day of June, 2013.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE